IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 18-00036-01/02-CR-W-BCW |
| ) | |
| SHAWN BURKHALTER, and ) | |
| JOSHUA NESBITT, ) | |
| ) | |
| Defendants. ) | |

## ORDER

On January 10, 2020, the government filed a Motion for Issuance of Subpoena *Duces Tecum* Pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure (Doc. #341). The motion requests that the Court issue subpoenas *duces tecum* directing the Jackson County Detention Center, the Platte County Detention Center, the CoreCivic Detention Center (Leavenworth), the Caldwell County Detention Center, and the St. Clair County Jail to provide:

> all records related to defendants Burkhalter and Nesbitt, including but not limited to: records maintained in the central or institutional file; records pertaining to medical and/or psychiatric treatment, requested treatment or evaluation; and incident and disciplinary reports. The requested subpoenas also seek audio and/or video recordings of any incident in which Burkhalter or Nesbitt was involved.

(*Id.* at 5.) The attachments to the subpoenas provide in part:

> This subpoena seeks production of all records including, but is not limited to, records maintained in the central or institutional file, records pertaining to medical and/or psychiatric treatment, requested treatment or evaluation, and records arising from any incident, or other event involving violent, aggressive or noncompliant behavior or resulting in any form of discipline.

\* \* \*

THIS SUBPOENA DOES NOT REQUEST PRODUCTION OF AUDIO RECORDINGS OF TELEPHONE CALLS ON WHICH BURKHALTER AND/OR NESBITT PARTICIPATED

(Attachments to Subpoenas;[1] Docs. #341-2, #341-4, #341-6, #341-8, #341-10.)

As stated in the government's motion: "Rule 17(c) requires that (1) the subpoenaed documents are relevant, (2) they are admissible, and (3) they have been requested with adequate specificity. *See United States v. Hang*, 75 F.3d 1275, 1283 (8th Cir. 1996) (citing *United States v. Nixon*, 418 U.S. 683, 699-700 (1974))." (Government's Motion for Issuance of Subpoena *Duces Tecum* at 5; Doc. #341.) The *Hang* case sets forth the following with respect to the district court's refusal to authorize the issuance of the requested subpoenas duces tecum:

> We do not feel that the district court abused its discretion in declining to authorize the issuance of the subpoenas duces tecum. *See United States v. Kalter*, 5 F.3d 1166, 1169 (8th Cir. 1993) (stating that a decision whether to quash a subpoena for documents is committed to the district court's discretion). The Supreme Court established long ago that Rule 17(c) "was not intended to provide an additional means of discovery." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Thus, in order to warrant the issuance of a subpoena duces tecum, a party must show that "(1) the subpoenaed document is relevant, (2) it is admissible, and (3) it has been requested with adequate specificity." *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir.) (citing *United States v. Nixon*, 418 U.S. 683, 700 (1974), *cert. denied*, 506 U.S. 998 (1992); *see also Kalter*, 5 F.3d at 1169. Notably, "[t]hese specificity and relevance elements require more than the title of a document and conjecture as to its contents." *Arditti*, 955 F.2d at 345. In our opinion, Hang failed to carry his burden as to any of these three elements. To be sure, Hang's subpoenas did not even identify by name the documents desired, and his request is replete with conjecture as to the contents of the materials that might have turned up.
>
> At most, Hang's broad request exemplified his "mere hope" that the desired documents would produce favorable evidence, and a Rule 17(c) subpoena cannot properly be issued upon a "mere hope." *See United States v. Cuthbertson*, 630 F.2d 139, 146 (3d Cir. 1980) ("We do not think that [a] 'mere hope' justifies enforcement of a subpoena under [R]ule 17(c)."), *cert. denied*, 449 U.S. 1126 (1981). The

---

[1]While the Attachments to Subpoenas are titled "Attachment to Federal Grand Jury Subpoena," the government is not seeking grand jury subpoenas.

district court correctly characterized Hang's subpoena request as a "pure total fishing expedition," and we therefore conclude that the court appropriately refused to authorize the issuance of the subpoenas duces tecum.

*Hang*, 75 F.3d at 1283-84. *See also United States v. Jackson*, 155 F.R.D. 664, 668 (D. Kan. 1994) (terms such as "any and all documents" or "including, but not limited to" are indicia of a fishing expedition).

The Court views the government's requests as falling into three categories:

    1.    Records pertaining to defendants Burkhalter's and Nesbitt's medical and/or psychiatric treatment, requested treatment or evaluation;

    2.    Records arising from any incident, or other event involving violent, aggressive or noncompliant behavior or resulting in any form of discipline as to defendants Burkhalter and Nesbitt as well as all audio and/or video recordings of defendants Burkhalter or Nesbitt during any event for which an incident report was prepared; and

    3    Any other records regarding defendants Burkhalter and Nesbitt, other than audio recordings of telephone calls on which Burkhalter and/or Nesbitt participated.

The Court will address each of these categories of requests.

    I.    <u>Medical and Psychiatric Records</u>

The government "expects that the defense will present mental health evidence bearing on impaired capacity and disturbance" at the potential penalty-phase proceeding. (Government's Motion for Issuance of Subpoena *Duces Tecum* at 7; Doc. #341.) The government argues:

> If the defense gives Rule 12.2(b) notice, as expected, the information sought by the requested subpoenas will be crucial to the penalty phase of this case. The detention facilities' observations of the defendants, including by medical staff, will be probative of the defendants' mental conditions, a mitigating factor the Government expects to confront.

(*Id.* at 7-8.)

3

Initially, the Court notes that the government has offered no reason for why it is seeking medical records, other than those medical records which are probative of the defendants' mental conditions. Thus, the government has failed to establish why medical records which do not relate to the defendants' mental conditions are evidentiary and relevant. As to those medical and psychiatric records which may be probative of the defendants' mental conditions, the Court finds the instant request for subpoenas to be premature and based upon speculation in that defendants Burkhalter and Nesbitt have not yet filed a Rule 12.2 notice. The government acknowledged in its reply brief, "[defendants Burkhalter and Nesbitt] may have a privilege interest in mental health records" and "[t]hey will waive the privilege when and if they put their mental condition at issue in the case." (Government's Reply to Defense Opposition to Motion for Rule 17(c) Subpoena at 2; Doc. #358.) Since the defendants have not yet put their mental conditions at issue in the case, the Court must deny the government's request for the issuance of subpoenas for these records at this time.

II. Incident and Disciplinary Records

The non-statutory aggravating factor of future dangerousness (as demonstrated by acts of misconduct and violence while in custody) is an issue in the case against both defendants Burkhalter and Nesbitt. (Notice of Intent to Seek Death Penalty (Doc. #240) at 3, 5.) The Court finds that the incident and disciplinary records of defendants Burkhalter and Nesbitt, including all audio and/or video recordings of defendants Burkhalter or Nesbitt during any event for which an incident report was prepared, are directly relevant to the issue of future dangerousness, would be admissible at the potential penalty-phase proceeding, and have been requested with adequate specificity. Therefore, the Court will grant the government's request for the issuance of subpoenas

4

for these records.

### III. Other Records

The Court finds that the government has failed to meet the requirements of relevance and specificity for the remaining requests for "records maintained in the central or institutional file," as well as the catch-all of "all records related to Burkhalter and Nesbitt." The government has provided the Court with no listing of specific documents it is seeking through this request nor the evidentiary nature of the requested records. The Court is forced to speculate as to what records might be contained in the central or institutional files (as well as all other records) and as to the relevance of those records. The request appears to exemplify the "mere hope" that the requested records would produce favorable evidence, in other words a "fishing expedition." The law is clear that Rule 17(c) subpoenas are not to be used as a discovery device.

Given the foregoing, it is

ORDERED that the Government's Motion for Issuance of Subpoena Duces Tecum Pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure (Doc. #341) is granted in part and denied in part. Government counsel are authorized to prepare and serve subpoenas that are consistent with this Order.

           */s/ Lajuana M. Counts*
           Lajuana M. Counts
           United States Magistrate Judge