IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-00036-01/02-CR-W-BCW |
| ) | |
| SHAWN BURKHALTER, and ) | |
| JOSHUA NESBITT, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Pending before this Court is Defendant Joshua Nesbitt's Motion for Informative Outline of Aggravating Factors and Memorandum in Support (Doc. #347), as well as his reply (Doc. #386) and supplemental reply (Doc. 403), and Defendant Shawn Burkhalter's Motion for Informative Outline (Doc. #504), as well as his reply (Doc. #526). The Government has filed memoranda in opposition to both defendant Nesbitt's motion (Doc. #360) and defendant Burkhalter's motion (Doc. #520). Both defendants allege that the Notice of Intent to Seek Death Penalty (Doc. #240) provides inadequate notice for the defense to rebut or challenge the statutory and non-statutory aggravating factors. They are seeking an order for the government to provide an informative outline as to the gateway factors and the statutory and non-statutory aggravating factors. For the reasons and authorities set forth below, both defendants Nesbitt's and Burkhalter's motions are granted in part and denied in part.

**I. Discussion**

To be eligible for a capital sentence under the Federal Death Penalty Act (FDPA), 18 U.S.C. §§ 3591-3598, "conviction of an offense punishable by death is followed by a separate

sentencing hearing which involves both an eligibility and selection phase." *United States v. Ebron*, 683 F.3d 105, 149 (5th Cir. 2012), *cert. denied*, 571 U.S. 89 (2013). To render a defendant eligible for the death penalty, the government must prove beyond a reasonable doubt, under 18 U.S.C. § 3593(c), one of four mental states, also known as statutory intent factors, provided in § 3591(a)(2), and at least one of sixteen statutory aggravating factors provided in § 3592(c). *See United States v. Bourgeois*, 423 F.3d 501, 506-07 (5th Cir. 2005), *cert. denied*, 547 U.S. 1132 (2006). Any aggravating factor must be proven beyond a reasonable doubt and a jury's finding with respect to any aggravating factor must be unanimous. 18 U.S.C. § 3593(d).

Contrary to what both defendants Nesbitt and Burkhalter argue, the FDPA does not require the government to provide advance notice of facts and evidence it will use to establish aggravating factors. Rather, the purpose of a notice of intent to seek the death penalty is to provide the defendant with sufficient notice of aggravating factors to enable the defense to respond and prepare the defendant's case in rebuttal. *See United States v. Higgs*, 353 F.3d 281, 325 (4th Cir. 2003) ("The FDPA and the Constitution require that the defendant receive adequate notice of the aggravating factor . . . not notice of the specific evidence that will be used to support it."). Under 18 U.S.C. § 3593, the government is not required to provide specific evidence of its notice of intent. *See United States v. LeCroy*, 441 F.3d 914, 929, 930 (11th Cir. 2006) ("The government was not obligated to outline what specific pieces of evidence it planned to use to support the aggravating factors."). In *LeCroy*, the court cited the Supreme Court case of *Gray v. Netherland*, 518 U.S. 152, 167-68 (1996), holding that "although there is a right to advance notice of the charges, there is no extant constitutional right to advance notice of the evidence to prove such charges in a capital sentencing hearing." *LeCroy*, 441 F.3d at 929.

As it relates to the request for an informative outline by both defendants Nesbitt and

2

Burkhalter, the Court has reviewed the following documents in assessing whether the information contained in these documents provides the notice necessary for both defendants to defend their lives and to facilitate the court's gatekeeping role:

In the Superseding Indictment, the Governments alleges the following Special Findings as to defendants Burkhalter and Nesbitt:

SPECIAL FINDINGS AS TO SHAWN BURKHALTER

24. Counts Six, Seven, Eight and Nine of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

25. As to Count Six of this Indictment, SHAWN BURKHALTER, a/k/a "Deuce," the defendant:

a. was more than 18 years of age at the time of the offense (Title 18, United States Code, Section 3591(a));

b. intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Danny Lamont Dean died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Danny Lamont Dean died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

d. has previously been convicted of a Federal or State offense punishable by a term of imprisonment of more than 1 year, involving the use and attempted and threatened use of a firearm (as defined in section 921) against another person (Title 18, United States Code, Section 3592(c)(2));

e. in the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to 1 or more persons in addition to Danny Lamont Dean (Title 18, United States Code, Section 3592(c)(5)); and

f. committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8)).

26. As to Counts Seven, Eight and Nine of this Indictment, SHAWN BURKHALTER, a/k/a "Deuce," the defendant:

    a. was more than 18 years of age at the time of the offenses (Title 18, United States Code, Section 3591(a));

    b. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Anthony Dwayne Johnson died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

    c. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Anthony Dwayne Johnson died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

    d. has previously been convicted of a Federal or State offense punishable by a term of imprisonment of more than 1 year, involving the use or attempted or threatened use of a firearm (as defined in section 921) against another person (Title 18, United States Code, Section 3592(c)(2)); and

    e. committed the offense after substantial planning and premeditation to cause the death of Anthony Dwayne Johnson (Title 18, United States Code, Section 3592(c)(9)).

## SPECIAL FINDINGS AS TO JOSHUA NESBITT

27. Counts Six, Seven, Eight and Nine of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

28. As to Count Six of this Indictment, JOSHUA NESBITT, a/k/a "T," the defendant:

    a. was more than 18 years of age at the time of the offense (Title 18, United States Code, Section 3591(a));

    b. intentionally killed Danny Lamont Dean (Title 18, United States Code, Section 3591(a)(2)(A));

    c. intentionally inflicted serious bodily injury that resulted in the death of Danny Lamont Dean (Title 18, United States Code, Section 3591(a)(2)(B));

d. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Danny Lamont Dean died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Danny Lamont Dean died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f. in the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to 1 or more persons in addition to Danny Lamont Dean (Title 18, United States Code, Section 3592(c)(5));

g. committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8)); and

29. As to Counts Seven, Eight and Nine of this Indictment, JOSHUA NESBITT, a/k/a "T," the defendant:

a. was more than 18 years of age at the time of the offenses (Title 18, United States Code, Section 3591(a));

b. intentionally killed Anthony Dwayne Johnson (Title 18, United States Code, Section 3591(a)(2)(A));

c. intentionally inflicted serious bodily injury that resulted in the death of Anthony Dwayne Johnson (Title 18, United States Code, Section 3591(a)(2)(B));

d. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Anthony Dwayne Johnson died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Anthony Dwayne Johnson died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D)); and

f. committed the offense after substantial planning and premeditation to cause the death of Anthony Dwayne Johnson (Title 18, United States Code, Section 3592(c)(9)).

(Doc. #239 at 16-20.)

In Count Eight of the Superseding Indictment under Overt Acts, it states:

Overt Acts

16. In furtherance of the conspiracy and to achieve the illegal objectives thereof, the following overt acts, among others, were committed in the Western District of Missouri and elsewhere:

a. On October 4, 2015, on a telephone call that began at approximately 9:12 a.m., SHAWN BURKHALTER, JOSHUA NESBITT, NICKAYLA JONES and Joslyn Lee discussed Anthony Dwayne Johnson;

b. On October 4, 2015, on a telephone call that began at approximately 9:43 a.m., SHAWN BURKHALTER and JOSHUA NESBITT, together with Joslyn Lee discussed Anthony Dwayne Johnson;

c. On October 4, 2015, at approximately 4:15 p.m., in Kansas City, Missouri, JOSHUA NESBITT shot and killed Anthony Dwayne Johnson with a Rock River Arms, Model AR-15, 5.56 caliber semiautomatic rifle, bearing serial number KT1143219;

d. On October 4, 2015, at approximately 5:00 p.m., in Kansas City, Missouri, JOSHUA NESBITT, NICKAYLA JONES, AUTRY HINES, RACHEL RYCE and Joslyn Lee stashed at a residence the Rock River Arms, Model AR-15, 5.56 caliber semiautomatic rifle, bearing serial number KT1143219;

e. On October 4, 2015, on a telephone call that began at approximately 10:07 p.m., SHAWN BURKHALTER and Joslyn Lee discussed the murder of Anthony Dwayne Johnson;

f. On October 4, 2015, on a telephone call that began at approximately 10:36 p.m., SHAWN BURKHALTER and JOSHUA NESBITT discussed the murder of Anthony Dwayne Johnson;

g. On October 7, 2015, on a telephone call that began at approximately 2:26 p.m., SHAWN BURKHALTER, JOSHUA NESBITT and Joslyn Lee discussed the whereabouts of the Rock River Arms, Model AR-15, 5.56 caliber semiautomatic rifle, bearing serial number KT1143219;

h. On October 7, 2015, on a telephone call that began at

approximately 2:41 p.m., SHAWN BURKHALTER, JOSHUA NESBITT, Joslyn Lee and Anthony Peltier discussed the whereabouts of the Rock River Arms, Model AR-15, 5.56 caliber semiautomatic rifle, bearing serial number KT1143219;

  i. On October 7, 2015, at approximately 3:30 p.m., in Kansas City, Missouri, AUTRY HINES was found by police to be in possession of the Rock River Arms, Model AR-15, 5.56 caliber semiautomatic rifle, bearing serial number KT1143219; and

  j. On October 7, 2015, on a telephone call that began at approximately 4:03 p.m., SHAWN BURKHALTER spoke with Witness #1, while Witness #1 was in the presence of JOSHUA NESBITT, NICKAYLA JONES, RACHEL RYCE and Joslyn Lee, in Kansas City, Missouri, and threatened to kill Witness #1 if Witness #1 did not provide information concerning the whereabouts of the Rock River Arms, Model AR-15, 5.56 caliber semiautomatic rifle, bearing serial number KT1143219.

  All in violation of Title 18, United States Code, Section 1512(k).

(Doc. #239 at 10-12.)

In the Notice of Intent to Seek Death Penalty (Doc. #240), the government sets forth the statutory and non-statutory aggravating factors it proposes to utilize to justify a sentence of death as to defendants Burkhalter and Nesbitt. As it relates to defendant Burkhalter, the Notice of Intent to Seek Death Penalty sets forth the following statutory and non-statutory aggravating factors with regard to Counts Six, Seven, Eight, and Nine of the Superseding Indictment (except where other counts are specified):

**A. Shawn Burkhalter was 18 years of age or older at the time of the offenses (18 U.S.C. § 3591(a)).**

**B. <u>Statutory Proportional Factors Enumerated Pursuant to Title 18, United States Code, Section 3591(a)(2)(A)-(D)</u>**

 i. Shawn Burkhalter intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and Danny Lamont Dean (Count Six) and Anthony Dwayne Johnson (Counts Seven, Eight, and Nine) died as a direct result of the act [18 U.S.C. § 3591(a)(2)(C)].

7

ii. Shawn Burkhalter intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Danny Lamont Dean (Count Six) and Anthony Dwayne Johnson (Counts Seven, Eight, and Nine) died as a direct result of the act [18 U.S.C. § 3591(a)(2)(D)].

C. **Statutory Aggravating Factors Enumerated Pursuant to Title 18, United States Code, Sections 3592(c)(l) through (16)**

i. Shawn Burkhalter has previously been convicted of a State offense punishable by a term of imprisonment of more than 1 year, involving the use or attempted or threatened use of a firearm (as defined in section 921) against another person [18 U.S.C. §3592(c)(2)].

ii. Shawn Burkhalter, in the commission of the offense in Count Six, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to 1 or more persons in addition to the victim of the offense [18 U.S.C. § 3592(c)(5)].

iii. Shawn Burkhalter committed the offense in Count Six as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value [18 U.S.C. § 3592(c)(8)].

iv. Shawn Burkhalter committed the offense in Counts Seven, Eight, and Nine after substantial planning and premeditation to cause the death of a person or commit an act of terrorism [18 U.S.C. § 3592(c)(9)].

D. **Other, Non-Statutory Aggravating Factors Enumerated Pursuant to Title 18, United States Code, Sections 3593(a)(2)**

i. Shawn Burkhalter committed the murder of Anthony Dwayne Johnson to obstruct justice.

ii. Following Anthony Dwayne Johnson's murder, Burkhalter acted to obstruct justice by threatening to kill witnesses and by attempting to conceal or destroy the firearm used to murder Danny Lamont Dean and Anthony Dwayne Johnson.

iii. Shawn Burkhalter demonstrated a lack of remorse for the murders of Danny Lamont Dean and Anthony Dwayne Johnson.

iv. Shawn Burkhalter committed multiple murders.

v. Shawn Burkhalter caused injury, harm, and loss to Danny Lamont Dean

and his family and friends (Count Six); and Anthony Dwayne Johnson and his family and friends (Counts Seven, Eight and Nine). The injury, harm and loss caused by Shawn Burkhalter with respect to each victim is evidenced by the victim's personal characteristics and by the impact of the victim's death upon his or her family and friends.

    vi. Shawn Burkhalter is a continuing danger to the lives and safety of other persons, and he is likely to commit criminal acts of violence in the future as evidenced by:

        a) a willingness to take human life and a lack of remorse for his acts of violence and attempted acts of violence as demonstrated by statements that he made following these violent acts;

        b) a demonstrated capacity for orchestrating acts of violence while incarcerated; and

        c) a low potential for rehabilitation as demonstrated by acts of misconduct while in custody.

(Doc. #240 at 2-3.)

As it relates to defendant Nesbitt, the Notice of Intent to Seek the Death Penalty sets forth the following statutory and non-statutory aggravating factors with regard to Counts Six, Seven, Eight, and Nine of the Superseding Indictment (except where other counts are specified):

**A. Joshua Nesbitt was 18 years of age or older at the time of the offenses (18 U.S.C. § 3591(a)).**

**B. <u>Statutory Proportional Factors Enumerated Pursuant to Title 18 United States Code, Section 3591(a)(2)(A)-(D)</u>**

    i. Joshua Nesbitt intentionally killed Danny Lamont Dean (Count Six) and Anthony Dwayne Johnson (Counts Seven, Eight and Nine) [18U.S.C. § 3591(a)(2)(A)].

    ii. Joshua Nesbitt intentionally inflicted serious bodily injury that resulted in the death of Danny Lamont Dean (Count Six) and Anthony Dwayne Johnson (Counts Seven, Eight and Nine) [18 U.S.C. § 3591(a)(2)B)].

    iii. Joshua Nesbitt intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and Danny Lamont Dean (Count Six) and Anthony Dwayne

Johnson (Counts Seven, Eight and Nine) died as a direct result of the act [18 U.S.C. §3591(a)(2)(C)].

iv. Joshua Nesbitt intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Danny Lamont Dean (Count Six) and Anthony Dwayne Johnson (Counts Seven, Eight and Nine) died as a direct result of the act [18 U.S.C. § 3591(a)(2)(D)].

C. **Statutory Aggravating Factors Enumerated Pursuant to Title 18, United States Code, Sections §3592(c)(1) through (16)**

i. Joshua Nesbitt, in the commission of the offense in Count Six, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to 1 or more persons in addition to the victim of the offense [18 U.S.C. § 3592(c)(5)].

ii. Joshua Nesbitt committed the offense in Count Six as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value [18 U.S.C. § 3592(c)(8)].

iii. Joshua Nesbitt committed the offense in Counts Seven, Eight and Nine after substantial planning and premeditation to cause the death of a person or commit an act of terrorism [18 U.S.C. § 3592(c)(9)].

D. **Other, Non-Statutory Aggravating Factors Enumerated Pursuant to Title 18, United States Code, Sections 3593(a)(2)**

i. Joshua Nesbitt committed the murder of Anthony Dwayne Johnson to obstruct justice.

ii. Following Anthony Dwayne Johnson's murder, Joshua Nesbitt acted to obstruct justice by threatening to kill witnesses and by attempting to conceal or destroy the firearm used to murder Danny Lamont Dean and Anthony Dwayne Johnson.

iii. Joshua Nesbitt demonstrated a lack of remorse for the murders of Danny Lamont Dean and Anthony Dwayne Johnson.

iv. Joshua Nesbitt committed multiple murders.

v. Joshua Nesbitt caused injury, harm, and loss to Danny Lamont Dean and his family and friends (Count Six); and Anthony Dwayne Johnson and his family and friends (Counts Seven, Eight and Nine). The injury,

10

Case 4:18-cr-00036-BCW   Document 754   Filed 08/10/21   Page 10 of 18

>>   harm and loss caused by Joshua Nesbitt with respect to each victim is evidenced by the victim's personal characteristics and by the impact of the victim's death upon his or her family and friends.
>
> vi. Joshua Nesbitt is a continuing danger to the lives and safety of other persons, and he is likely to commit criminal acts of violence in the future as evidenced by:
>
>   a) a willingness to take human life and a lack of remorse for his acts of violence and attempted acts of violence as demonstrated by statements that he made following these violent acts; and
>
>   b) a low potential for rehabilitation as demonstrated by acts of misconduct and violence while in custody.
>
> vii. Joshua Nesbitt has committed other unadjudicated criminal acts, including: assault with a firearm (2013, in Lambert, Mississippi); attempted escape from custody and aiding and abetting a rape (2016, in Jackson County, Missouri); assault in the first degree (2017, in Platte County, Missouri); and two assaults of correctional officers (2017, in Platte County, Missouri).

(Doc. #240 at 3-5.)

### A. <u>Statutory and Non-Statutory Aggravating Factors</u>[1]

#### *1. Statutory Proportional Factors*

The statutory proportional factors set forth in the Notice of Intent to Seek Death Penalty for both defendants Burkhalter and Nesbitt (Doc. #240) provide adequate meaningful notice for the defense to confront the penalty phase of trial. Contrary to defense counsels' allegations, each of those factors are not mere recitations of the statutory language. Rather, the factors listed, along

---

[1]Defendant Burkhalter also asserts that the government is prohibited from using an aggravating factor during the sentencing phase that duplicates one or more elements of the offense of the crime found in the guilt phase. (Doc. #504 at 4.) Case law does not support this assertion. *See United States v. Higgs*, 353 F.3d 281, 315 (4th Cir. 2003), citing *Lowenfield v. Phelps*, 484 U.S. 231, 246 (1988) ("the Eighth Amendment does not prohibit the use of an aggravating factor during the sentencing phase that duplicates one or more elements of the offense of the crime found at the guilt phase"). *See also Deputy v. Taylor*, 19 F.3d 1485, 1502 (3d Cir. 1994) (noting that "federal courts of appeals have consistently held that a sentencing jury can consider an element of the capital offense as an aggravating circumstance even if it is duplicitous").

11

Case 4:18-cr-00036-BCW   Document 754   Filed 08/10/21   Page 11 of 18

with the special findings in the Superseding Indictment, show what the government intends to present to establish its claim that the jury should find that the death penalty should be imposed as to both defendants Burkhalter and Nesbitt. Thus, an informative outline is not warranted.

### 2. *Statutory and Non-Statutory Aggravating Factors*

#### a. Grave Risk of Death to One or More Persons

The Government submits, and the Court takes its submission at face value, that "[t]he Superseding Indictment and discovery reveal that [Nesbitt] killed Dean with gunfire from an AR-15, in a public parking lot, in the middle of the day. The discovery includes a surveillance video of the shooting." (Doc. #360 at 9.) This information, along with the presumption that defendants Burkhalter's and Nesbitt's defense teams have received and viewed the video surveillance of the shooting, is sufficient to allow them to prepare for the penalty phase of defendants Burkhalter's and Nesbitt's trial. Therefore, both defendants' requests for an informative outline regarding a grave risk of death to one or more persons is denied.

#### b. Receipt or Expectation of Anything of Pecuniary Value

Next, defendants Burkhalter and Nesbitt argue that an informative outline is needed to identify what items of pecuniary gain they received or expected to receive. Again, as the government sets forth in its response, "The Superseding Indictment explains, at paragraph 4(b), that [Nesbitt] and Burkhalter 'robbed a quantity of cocaine, and in the process' [Nesbitt] shot and killed Dean." (Doc. #360 at 9.) In the context of these specific charges, this information sufficiently provides evidence to allow the defense to prepare for the penalty phase.

#### c. Substantial Planning and Premeditation

In regard to evidence that would be presented referencing substantial planning and premeditation, the government asserts that "reports of coconspirators' detailed accounts of the

12

events in question, supplemented by key recordings of telephone calls between the conspirators, reveal many steps taken by the conspirators in advance of the murder, including the acquisition of rubber gloves and efforts to lure Johnson back to his apartment." (Doc. #360 at 10.) Nothing more needs to be alleged to provide defense counsel with information needed for the penalty phase.

### d. Obstruction of Justice

The government asserts that the defendants have been informed as to the basis for the obstruction of justice non-statutory factor in that "Counts Eight and Nine of the Superseding Indictment reveal . . . that the Government intends to prove [Nesbitt] shot and killed Johnson to 'prevent the communication by a person to a law enforcement officer of information relating to the commission and possible commission of a Federal offense.'" (Doc. #360 at 10.) In addition, the government asserts that the discovery provided to defense counsel includes "a police report of information provided by Johnson regarding the Dean shooting, and a recording of a telephone call between Nesbitt and Burkhalter, shortly before the Johnson murder, on which they refer to Johnson as a 'snitch.'" (Doc. #360 at 10-11.) Also, the government has acknowledged that "the underlying facts that support charged crimes" will be used, in part, to prove the obstruction of justice non-statutory aggravating factor. (Doc. #520 at 5.) All of this information surely outlines to defense counsel the theory and evidence regarding the obstruction of justice non-statutory aggravating factor.

Furthermore, both defendants are seeking to obtain the identities of witnesses threatened in this case through an informative outline. (Doc. #347 at 19 (Nesbitt); Doc. #504 at 5 (Burkhalter).) Based on the nature of the allegations in the Superseding Indictment of the threatening and killing of potential witnesses, the Court will not order the production of the identities of witnesses threatened at this time. The identities of those witnesses should be provided

13

in the time frame in accordance with the federal rules of discovery. Nothing more is required at this time.

e. Lack of Remorse

The government has affirmatively stated that it will not use or imply that any defendants' silence at trial, specifically in response to defendant Burkhalter's argument at page 6 of his Motion for Informative Outline (Doc. #504), demonstrates a lack of remorse. (Doc. #520 at 7.) The government asserts that discovery materials provided to both defense counsel, including a celebratory phone conversation between Burkhalter and Nesbitt after the Johnson murder, serves as evidence the government would present regarding lack of remorse. (Doc. #360 at 11.) This Court agrees and finds that the evidence suffices and an informative outline is not required.

f. Multiple Murders

Defendants Burkhalter and Nesbitt seek a clarification of whether the multiple murders allegedly committed by Nesbitt indicated in the Notice of Intent to Seek Death Penalty referred to the murders of Dean and Johnson alone. (Doc. #347 at 20 (Nesbitt); Doc. #504 at 7 (Burkhalter).) In its response, the government verified that the multiple murders are the Dean and Johnson murders. (Doc. #360 at 12, n. 1; Doc. #520 at 8.) The Superseding Indictment itself alleges that it was Nesbitt who shot and killed Dean while both Burkhalter and Nesbitt robbed a quantity of cocaine from Dean. (*See* Doc. #239 at 5, Overt Act 4.b.) Further, the Superseding Indictment alleges that it was Nesbitt who shot and killed Johnson when robbing Johnson of a quantity of marijuana, at the direction of Burkhalter. (*See* Doc. #239 at 5, Overt Act 4.e.) An informative outline is not required here.

g. Victim Impact Evidence

This Court, as well as the Eighth Circuit Court of Appeals, has dealt with the amount of

information to which defendants are entitled regarding victim impact evidence. Here, the Notice of Intent to Seek Death Penalty only alleges that the injury, harm and loss caused by Burkhalter and Nesbitt with respect to presumably victims Dean and Johnson, is "evidenced by the victim's personal characteristics and by the impact of the victim's death upon his or her family and friends." (Doc. #240 at 3, ¶ D.v. and 5, ¶ D.v.) The Court agrees with defense counsel that this information does not provide any facts regarding victim impact. While the Court believes that a detailed outline or a listing of witnesses or all evidence is not necessary, the Court does believe that an outline providing an overview of facts that indicate the impact on the victims' families and friends is needed. Providing such an outline to defense counsel will allow the defense to prepare for this non-statutory aggravating factor and would allow the Court to perform its gatekeeping function. Defendants Burkhalter's and Nesbitt's request for an informative outline regarding victim impact evidence is therefore granted.

h. <u>Future Dangerousness and Low Potential for Rehabilitation</u>

Both defendants Nesbitt and Burkhalter seek an informative outline regarding the future dangerousness indicated in the Notice of Intent to Seek Death Penalty. (Doc. #347 at 23-24 (Nesbitt); Doc. #504 at 9-13 (Burkhalter).) They argue that this non-statutory aggravating factor must focus on the defendants' actions while in custody. (Doc. #347 at 23 (Nesbitt); Doc. #504 at 10 (Burkhalter).) As the government relayed in its response, the charges in the Superseding Indictment, along with the Notice of Intent to Seek Death Penalty, reveal details regarding the shooting of victims Dean and Johnson. Additionally, the government indicated that the discovery relating to incidents for both Burkhalter and Nesbitt while in custody will be available for the defense. (Doc. #360 at 11; Doc. #520 at 10, n. 1.) The details in discovery available to the defense are sufficient to allow defense counsel to prepare for this non-aggravating statutory factor.

15

Case 4:18-cr-00036-BCW   Document 754   Filed 08/10/21   Page 15 of 18

i. Unadjudicated Criminal Acts

In defendant Nesbitt's motion, counsel also seek an informative outline as it relates to Nesbitt's unadjudicated criminal acts. (Doc. #347 at 24-26.) In response, the government asserts that it has "produced reports describing Nesbitt's assaults of Platte County correctional officers in July and November of 2017 . . . [and] also produced body camera videos of the defendant assaulting the correctional officers." (Doc. #360 at 12.) Further, the government states that "the discovery includes reports of an assault of another Platte County inmate, supplemented by recorded interviews and video surveillance of the defendant's jail pod from the time in question" as well as "a 641-page investigative file, along with jail surveillance videos, revealing [Nesbitt's] role in a 2016 rape and attempted escape at the Jackson County facility." (*Id.*) Additionally, discovery has been provided regarding a 2013 assault with a firearm in Mississippi. (*Id.*) Lastly, the government has indicated that it will supplement discovery should it obtain additional relevant information in relation to unadjudicated criminal acts. (*Id.*) With that discovery already having been provided to the defense, this Court finds that an informative outline is not warranted. Defendant Nesbitt's request for an informative outline regarding unadjudicated criminal acts is denied.

## II. Conclusion

This Court finds, after a thorough review of all pleadings, that the combined information set forth in both the Superseding Indictment (Doc. #239) and the Notice of Intent to Seek Death Penalty (Doc. #240), as laid out above in this Order, sufficiently provides defense counsel for both defendants Burkhalter and Nesbitt the theories and facts that the government will use to establish each defendant's aggravating factors, with the exception of victim impact evidence. However, an informative outline is not a bill of particulars. Consequently, the government need not set forth

16

Case 4:18-cr-00036-BCW   Document 754   Filed 08/10/21   Page 16 of 18

specific evidence regarding victim impact evidence in an informative outline. Instead, the government should prepare an outline providing an overview of facts that indicate the impact on the victims' families and friends.

Lastly, both defendants Burkhalter and Nesbitt request this Court to schedule a hearing to "assess the reliability and potential for prejudice of the evidence the government intends to offer" in support of the aggravating factors, citing 18 U.S.C. § 3593(c). (Doc. #347 at 26 (Nesbitt); Doc. #504 at 15 (Burkhalter).) After reviewing the parties' pleadings, it appears that the government has made several disclosures and representations that address many of Nesbitt's and Burkhalter's concerns. At this time, the Court will not schedule a pretrial hearing. At least one court has noted that "[t]here is no statutory requirement that the Court conduct such a preview" of proposed victim impact evidence. *United States v. Jordan*, 357 F.Supp.2d 889, 906 (E.D. Va. 2005). *See also United States v. Caro*, 461 F.Supp.2d 459, 463 (W.D. Va. 2006) (court was not required to hold pretrial review of all victim impact evidence that prosecution intended to introduce in sentencing phase). To the extent that the government's aggravating factor evidence raises issues of admissibility and/or due process concerns, these issues may be adequately handled when (and if) the penalty phase commences.

The special findings in the Superseding Indictment, along with the factors set forth in the Notice of Intent to Seek Death Penalty, explain the conduct and the circumstances that the government contends support the aggravating factors – both statutory and non-statutory. Taken together, the Superseding Indictment and the Notice of Intent to Seek Death Penalty give the defendants adequate information as to what the government will rely on at trial and sentencing. The Court finds that an informative outline of the aggravating factors is not required here, except in the area of victim impact evidence. Therefore, it is

17

Case 4:18-cr-00036-BCW   Document 754   Filed 08/10/21   Page 17 of 18

ORDERED that defendant Joshua Nesbitt's Motion for Informative Outline of Aggravating Factors (Doc. #347) and Defendant Shawn Burkhalter's Motion for Informative Outline (Doc. #504) are granted in part and denied in part, as set out above.

                                               */s/ Lajuana M. Counts*
                                               Lajuana M. Counts
                                               United States Magistrate Judge

18

Case 4:18-cr-00036-BCW   Document 754   Filed 08/10/21   Page 18 of 18
