IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18-00036-01/02-CR-W-BCW |
| v. ) | |
| ) | |
| SHAWN BURKHALTER, and ) | |
| JOSHUA NESBITT, ) | |
| ) | |
| Defendants. ) | |

ORDER

Pending before the Court is the Government's Motion to Schedule Sensitive Pretrial Disclosures (Doc. #387). This motion has generated additional briefing including a response by defendants Burkhalter and Nesbitt (Doc. #410), a reply by the government (Doc. #419), three sur-replies by the defendants (Doc. #425, #497, #547), a response to the sur-replies by the government (Doc. #560), and a reply to the government's response by the defendants (Doc. #569).

Based on the Court's review of the pleadings, it appears that the "sensitive pretrial disclosures" the government proposes to disclose thirty days prior to trial include: (1) statements contemplated by 18 U.S.C. § 3500 or Rule 26.2 of the Federal Rules of Criminal Procedure ("Jencks statements"); (2) the government's witness list; and (3) *Giglio* impeachment material.[1] The government states that while its standard procedure is to produce these types of documents well in advance of trial, it has elected to depart from this standard procedure in light of witness

---

[1] To the extent that the defendants' pleadings request that the Court take some action beyond the scheduling of these three categories of disclosures, the Court declines to address these requests in the absence of a separate defense motion setting out the specific requests.

security concerns as "[t]he disclosures in question will reveal the identities of cooperating witnesses whose safety will be at heightened risk once that status becomes known to Shawn Burkhalter and Joshua Nesbitt." (Doc. #387 at 1.) The government notes:

> The Superseding Indictment reveals that one of the two murder victims in this case was a potential witness against Burkhalter and Nesbitt. On September 10, 2015, Burkhalter and Nesbitt murdered Danny Lamont Dean with an AR-15 rifle. (D.E. 239 ¶¶ 1(b), 9.) On October 4, 2015, Burkhalter and Nesbitt murdered Anthony Dwayne Johnson with the same AR-15 rifle to prevent him from incriminating them in the Dean murder. (*Id.* ¶¶ 1(e), 10-17.)
>
> The Superseding Indictment charges two additional, separate instances of witness tampering. On October 7, 2015, Burkhalter and Nesbitt threatened to kill a potential witness if the person did not provide information regarding the whereabouts of the AR-15 rifle. (*Id.* ¶¶ 16(j), 19.) In January 2019, while Burkhalter was in pretrial detention in this case, he threatened another potential witness. (*Id.* ¶ 20.)
>
> The discovery reveals other threats made by Burkhalter and Nesbitt against potential witnesses.

(Doc. #387 at 2.) In addition, a Second Superseding Indictment filed on October 7, 2021, alleges that on June 4, 2021, defendant Burkhalter threatened another potential witness at the CoreCivic detention facility in Leavenworth, Kansas. (Doc. #816 at ¶ 20.)

The government advises that it has produced extensive discovery to the defendants including FBI materials which contain reports of interviews of potential witnesses, even though those reports are discoverable only under the Jencks Act. (Doc. #387 at 2-3.) However, the government has elected to delay the production of "FBI reports of interviews and proffers, and/or grand jury testimony, of 16 additional witnesses, also discoverable only under the Jencks Act." (*Id.* at 3.) The government provided the following rationale for delaying the production:

> Burkhalter or Nesbitt threatened eight of these 16 potential witnesses in connection with the charged conduct in this case. Another two of the 16 witnessed Burkhalter or Nesbitt threaten others. All of the 16 are fearful for their safety.

(*Id.*)

2

The government acknowledges its *Brady* obligations and states that it has "complied with the *Brady* doctrine by already disclosing information that is both favorable to the defense and material to guilt or sentencing" and that it will "continue to comply with this obligation as new favorable and material information comes into its possession." (Doc. #419 at 2.) With respect to the documents at issue, the government states:

> The undisclosed materials at issue here are far from exculpatory; they are mainly statements of potential witnesses that *inculpate* the defendants. These materials are discoverable under the Jencks Act, which means they need not be disclosed until the start of a witness's cross-examination at trial. 18 U.S.C. § 3500(b). The undisclosed materials also include information that the defense may use to impeach the potential witnesses – for example, agreements with the government, criminal history reports, and non-material prior inconsistent statements. The law requires disclosure of this type of information at the same time as Jencks Act information.

(*Id.*) In its response to the defendants' sur-replies, the government again advised that "the sensitive materials . . . do not contain exculpatory information; they contain some impeachment information regarding potential witnesses." (Doc. #560 at 3.)

I.     Jencks Statements

Pursuant to 18 U.S.C. § 3500 and Rule 26.2, the Court cannot compel the government to disclose the statements of its testifying witnesses until after the witnesses testify on direct examination in the trial of the case. Here, however, the government states that it already has produced reports of interviews of some potential witnesses and has offered to provide Jencks Act material thirty days prior to trial for sixteen additional witnesses who are fearful for their safety.[2]

The Court accepts the government's offer to provide the defendants with all Jencks material thirty days prior to trial. *See generally United States v. Coles*, 511 F.Supp.3d 566, 578 (M.D. Pa.

---

[2]The government states that it is "amenable to earlier disclosure of the subset of Jencks Act material pursuant to a suitable protective order, if the parties are able to negotiate one." (Doc. #387 at 5.)

2021) (government agreed to disclose Jencks material thirty days before trial); *United States v. Lujan*, 530 F.Supp.2d 1224, 1254 (D.N.M. 2008) (government agreed to disclose Jencks material two weeks prior to trial); *United States v. Lawrence*, Case No. C2-05-CR-11, 2005 WL 8159643, at *1 (S.D. Ohio Oct. 7, 2005) ("the Court accepts the Government's offer to provide Defendant with all Jencks material no later than the day of opening statements or after the conclusion of *voir dire*"); *United States v. Storey*, 956 F. Supp. 934, 939 (D. Kan. 1997) (court denied defendant's motion for Jencks disclosure sixty days prior to trial; government agreed to produce Jencks statements seven days prior to trial).

II.    <u>Witness List</u>

Disclosure of witnesses in federal capital cases is governed by 18 U.S.C. § 3432 which provides:

> A person charged with . . . [a] capital offense shall at least three entire days before commencement of trial . . . be furnished with . . . a list . . . of the witnesses to be produced on the trial for proving the indictment, stating the place of abode of each . . . witness, except that such list of the . . . witnesses need not be furnished if the court finds by a preponderance of evidence that providing the list may jeopardize the life or safety of any person.

18 U.S.C. § 3432. Here, the government has offered to provide its witness list thirty days prior to trial.[3]

While the statute confers to the Court the discretion to order the government to disclose its list of witnesses prior to three days before the commencement of trial, given the government's agreement to provide its witness list thirty days prior to trial and the security concerns for witnesses expressed by government counsel, the Court declines to exercise that discretion to order an earlier

---

[3] The government states that it is "amenable to disclosing a preliminary witness list 45 days before trial, with the names of sensitive witnesses redacted or replaced by pseudonyms." (Doc. #387 at 5.)

4

disclosure. The government's offer of thirty days prior to trial is in line with the case law reviewed by the Court. *See United States v. Chandler*, 996 F.2d 1073, 1098 (11th Cir. 1993) (government provided witness list two weeks prior to trial and supplemented the list four days prior to trial); *United States v. Lawrence*, Case No. C2-05-CR-11, 2005 WL 8159643, at *5 (S.D. Ohio Oct. 7, 2005) (court denied motion for immediate production of witness list where government agreed to provide witness list of all law enforcement officers four weeks before trial and a list of civilian witnesses three days before trial); *United States v. Cannon*, Case No. S1-1:01CR 73 HEA, 2004 WL 7344526, at *6-7 (E.D. Mo. Jan. 23, 2004), *report and recommendation adopted*, 2004 WL 7344342 (E.D. Mo. June 10, 2004) (while finding that disclosure may be appropriate prior to the three-day time period, the court denied request for witness list 90 days prior to trial); *United States v. Davis*, No. CR.A. 01-282, 2003 WL 1825602, at *2 (E.D. La. Apr. 8, 2003) (government agreed to provide witness list five days prior to trial); *United States v. Storey*, 956 F. Supp. 934, 942 (D. Kan. 1997) (where government agreed to provide witness list seven days before trial due to safety concerns, court denied defendant's request for witness list 90 days prior to trial); *United States v. Nguyen*, 928 F. Supp. 1525, 1551 (D. Kan. 1996) (denying motion for disclosure of witness list earlier than the three days required by section 3432). Courts that have ordered an earlier production have advised that the government may delay disclosure upon a showing that providing the witness list may jeopardize the life or safety of any person. *See United States v. McCluskey*, Cr. No. 10-2734 JCH, 2013 WL 12330119, at *1-2 (D.N.M. May 20, 2013) (court ordered government to disclose witness list seven weeks prior to trial where government made only speculative statement that "[t]here is a conceivable possibility that early disclosure could lead to witnesses being unavailable or unwilling to testify"); *United States v. Lujan*, 530 F.Supp.2d 1224, 1261 (D.N.M. 2008) (court ordered government to disclose witness list three months prior to trial,

but provided the government the opportunity to provide notice and proof of any safety concerns prior to the disclosure deadline).

### III. *Giglio* Impeachment Material

As set out above, the government states that it understands and acknowledges its disclosure obligations, that it has turned over any *Brady* material in its possession and will continue to turn over additional *Brady* material as it is uncovered, and that it will turn over *Giglio* impeachment material thirty days prior to trial.[4]

In *United States v. Coles*, 511 F.Supp.3d 566, 578 (M.D. Pa. 2021), the court ordered that *Giglio* material be disclosed thirty days prior to trial given that the government had agreed to disclose its Jencks material thirty days before trial. The court stated:

> We recognize that defendants would like to have this material even earlier. But in a criminal prosecution of this nature—involving allegations that certain defendants murdered federal witnesses, and that others attempted to murder a coconspirator suspected to be cooperating in the underlying murder investigation—we must balance defendants' desire for advance disclosure with the government's legitimate interest in protecting its witnesses. *Cf. United States v. Beckford*, 962 F. Supp. 780, 788-89 (E.D. Va. 1997) (because impeachment material "serves . . . to identify the witnesses to whom the material relates," timing of disclosures must "take into account such factors as the risk to witnesses"). We conclude that a 30-day advance disclosure deadline for *Giglio* material adequately balances these interests.

*Coles*, 511 F.Supp.3d at 578. *See also United States v. Aiken*, 76 F.Supp.2d 1339, 1344 (S.D. Fla.1999) (*Giglio* material to be produced ten days in advance of trial).

The Court agrees with the reasoning set out in *Coles* that because impeachment material serves to identify the witnesses to whom the material relates, the timing of impeachment material must take into account the risk to those witnesses. Given that the government will be providing its list of witnesses and their statements to defense counsel thirty days prior to trial, the Court finds

---

[4]Again, the government states that it is amenable to earlier disclosure pursuant to a protective order. (Doc. #560 at 5.)

it appropriate to require the production of *Giglio* material at that same time, that is thirty days prior to trial.

Based on the foregoing, it is

ORDERED that the Government's Motion to Schedule Sensitive Pretrial Disclosures (Doc. #387) is granted.

                                      */s/ Lajuana M. Counts*
                                      Lajuana M. Counts
                                      United States Magistrate Judge